IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELINE MONTGOMERY, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | |
| : | |
| MIDLAND CREDIT : | |
| MANAGEMENT CO., <u>et al.</u>, : | No. 12-1244 |
| Defendants. : | |

# ORDER

**AND NOW**, this 23rd day of April, 2014, upon consideration of the "Daubert Motion of Defendants, Midland Credit Management, Inc., Midland Funding, LLC and Burton Neil & Associates, P.C. to Preclude Plaintiff's Expert, Daniel S. Bernheim" (Doc. No. 32) and the response thereto, and following oral argument, it is hereby **ORDERED** that Defendants' motion is **DENIED**.[1]

---

[1] Defendants conceded during oral argument that they are no longer pressing their arguments regarding Bernheim's qualifications or the reliability of his methodology. The crux of Defendants' motion goes to fit—that is, whether Bernheim's testimony will be helpful to the trier of fact. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993). "[A] district court must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used." Heller v. Shaw Indus., Inc., 167 F.3d 146, 153 (3d Cir. 1999). Defendants' primary argument is that Bernheim's testimony is not helpful to the jury because he does not conclude that Plaintiff's failure to dispute the debt in writing is fatal to her claim under the Dragonetti Act, 42 Pa. C.S. §§ 8351, et seq. We disagree.

While a consumer's failure to dispute a debt in writing may foreclose her ability to bring a claim pursuant to 15 U.S.C. § 1692g, it does not prevent her from asserting claims for violations of other sections of the Fair Debt Collections Practices Act ("FDCPA"). See Gigli v. Palisades Collection, LLC, 2008 WL 3853295, at *6 (M.D. Pa. Aug. 14, 2008) (holding that a consumer's "failure to dispute the debt's validity does not preclude an FDCPA action based on subsequent debt collection practices declared unlawful under the FDCPA"). Nor does it prevent her from asserting that Defendants initiated collections proceedings without probable cause, as "[t]he failure of a consumer to dispute the validity of a debt under [§ 1692g] may not be construed by

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____
**Mitchell S. Goldberg, J.**

---

any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c). Therefore, we do not find that Bernheim has ignored facts that would render his testimony unreliable or misleading to the jurors in this case. Accordingly, Defendants' motion is denied.