IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELINE MONTGOMERY | ) |
| | ) |
| Plaintiff, | )   No. 2:12-cv-01244-MSG |
| v. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S *OMNIBUS* MOTION *IN LIMINE***

Plaintiff Angeline Montgomery hereby moves *in limine* to preclude Defendants Midland Credit Management, Inc., Midland Funding LLC and Burton Neil & Associates, P.C. from eliciting testimony and offering certain documents at trial as set forth in her memorandum of law below:[1]

1. **DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY OR INTRODUCING DOCUMENTS RELATING TO *MONTGOMERY v. CAPITAL ONE (USA), N.A.*, NO. 2:12-CV-1500-MSG**

It is anticipated that Defendants will offer testimony and documents related to *Montgomery v. Capital One (USA) N.A.*, No. 2:12-cv-1500-MSG. Attached hereto as Exhibit A, is a true and correct copy of Defendants' Index of Trial Exhibits, at ¶ 58. Such evidence should be precluded.

All of Plaintiff's claims are going to trial in this action and all of the evidence here focuses exclusively upon Plaintiff's repeated problems with Defendants Midland Credit Management, Inc., Midland Funding LLC and Burton Neil & Associates, P.C. and all of the damages Plaintiff seeks here relate only to her dealings with the Defendants and their relentless debt collection tactics

---

[1] As of the undersigned date, Plaintiff is not in possession of any proposed deposition designations prepared by Defendants Midland Credit Management, Inc., Midland Funding LLC and Burton Neil & Associates, P.C. for trial. Accordingly, Plaintiff reserves the right to supplement this submission once Defendants provides Plaintiff with copies of its proposed deposition designations for trial as required by this Court's August 4, 2014 Order. Dk. No. 55 at ¶3(c).

for a debt fraudulently incurred in her name. Defendants should thus be precluded from making reference of any kind to the above-stated lawsuit against Capital One (USA) N.A.

Defendants' use of this information is wholly irrelevant to the claims at issue and would serve only to confuse the jury about Defendants' liability and/or responsibility for the damages claimed in this lawsuit by improperly inferring that another entity is somehow responsible. *See* Fed. R. Evid. 401-403. Moreover, any argument that Defendants intend to make to the effect that they are entitled to a set-off from any damages verdict or have the jury apportion contributory liability for any such verdict in light of the other lawsuit is similarly misguided.

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. (FDCPA) imposes specific statutory duties upon debt collectors, such as Defendants. These are individual statutory duties that run to each Defendant individually, and no other party. Importantly the FDCPA only regulates the behaviors of "debt collectors." 15 U.S.C. 1692a(6) (a debt collector is an entity that regularly attempts to collect debts owed to another). Capital One (USA) N.A., the defendant in *Montgomery v. Capital One (USA) N.A.* No. 2:12-cv-1500-MSG, is not a debt collector for FDCPA purposes.

Furthermore, the U.S. Supreme Court has held that in cases alleging a violation of a federal statute there exists no right to off-set unless the statute itself or federal common law so provides. *See Texas Instruments Inc. v. Radcliff Material, Inc.*, 451 U.S. 630, 638 (1981); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 90-91 (1981). There is no right to off-set on the face of the FDCPA and, to Plaintiff's knowledge, no federal common law has ever recognized such a right. To the contrary, the U.S. Supreme Court and lower federal courts have held that neither the FDCPA, nor its sister act the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA), support any express or implied right to set-off,

indemnity or contribution. *See generally McMillan v. Equifax Credit Information Services, Inc.*, 153 F. Supp. 2d 129, 132 (D. Conn. 2001); *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000); *Conner v. Howe*, 344 F. Supp. 2d 1164 (S.D. Ind. 2004); *Kerr v. Wanderor & Wanderor*, 211 F.R.D. 625, 632 (D. Nev. 2002); *Kay v. First Continental Trading, Inc.*, 966 F. Supp. 753, 754-55 (N.D. Ill. 1997).

Plaintiff seeks in the alternative that this Court preclude Defendants from eliciting any testimony, or introducing any document that references the settlement of *Montgomery v. Capital One (USA) N.A.*, No. 2:12-cv-1500-MSG. Federal courts have specifically held that a settlement agreement between a plaintiff and one defendant in a consumer protection action was not discoverable or relevant in limiting the liability of another defendant. *Betts v. Equifax Credit Information Servs.*, 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003); *see Agosta v. Inovision, Inc.*, *slip. op.*, Civ. No. 02-806 (E.D. Pa. June 12, 2003) (settlement with one party in FCRA action not discoverable or relevant for trial).

The Federal Rules of Evidence also specifically prohibit the introduction at trial of any evidence concerning settlement, including the amount of any settlement or even the basic fact that there was a settlement, or even an offer to settle. Fed. R. Civ. P. 408. Defendants cannot attempt to improperly influence the jury here by suggesting that Plaintiff has been compensated for Defendants' conduct. Nor would any other party, as a practical matter, have any reason to compensate Plaintiff for Defendants' wrongful actions.

In sum, Defendants must defend this case on the merits. They cannot shift their legal burden to somebody else, and they cannot receive any contribution from any settled party in this or any other case. Nor is there any evidence in this case of Plaintiff's other discrete issues with other entities, at different times, resulted in the damages claimed here. Defendants, therefore, must

not be permitted to unfairly influence the jury into believing that some other party is partially or wholly responsible for Defendants' own statutory non-compliance and the resulting harm to Plaintiff. All evidence relating to *Montgomery v. Capital One (USA) N.A.* No. 2:12-cv-1500-MSG and its settlement must be precluded.

## 2. DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY OR INTRODUCING DOCUMENTS ABOUT PLAINTIFF'S PERSONAL INJURY ACTION AND SOCIAL SECURITY DISABILITY BENEFITS

It is anticipated that Defendants will offer testimony and documents regarding Plaintiff's personal injury litigation and her claim for Social Security Disability Benefits. *See* Exhibit B, a true and correct copy of excerpts from the deposition transcript of Plaintiff Angeline Montgomery at 6:20-7:10 and 16:13-15. Such evidence should be precluded.

Plaintiff was seriously injured in a car accident in 2009, which ended her career as a home health aide. As a result, she initiated a personal injury lawsuit against the responsible driver and eventually applied for Social Security Disability Benefits. Any evidence regarding Plaintiff's prior litigation or disability claim is both irrelevant and unfairly prejudicial, and should therefore be excluded from evidence at trial.

Only evidence that is relevant to the claims or defenses at issue is admissible. Fed. R. Evid. 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by concerns including the dangers of unfair prejudice and confusion of the issues. Fed. R. Evid. 403. Furthermore, admission of such evidence would only serve to distract the jury from the issues at hand. Therefore, all evidence relating to Plaintiff's prior personal injury litigation and/or claims for disability insurance must be precluded.

3. **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE DEPOSITION TRANSCRIPTS OF YALE D. WEINSTEIN, ASHLEY HOFFMAN, ANGELINE MONTGOMERY, ANGELIQUE ROSS AND WALTER COLE AS EXHIBITS AT TRIAL**

It is anticipated that Defendants will offer deposition transcripts, in whole or in part, of Yale D. Weinstein, Ashley Hoffman, Angeline Montgomery, Angelique Ross and Walter Cole as exhibits at trial. Ex. A, at ¶¶ 1-5. Such exhibits are hearsay, without exclusion or exception and should be precluded.

This Court's Order of August 4, 2014 specifically references the way in which the Court will allow deposition testimony to be offered as testimony evidence at trial and proffering entire deposition transcripts as exhibits does not meet the Court's specific guidelines. Dk. No. 55, ¶3(c).

More specifically, Defendants should not be allowed to offer hearsay evidence of *their own witnesses* Yale D. Weinstein, Ashley Hoffman and Angelique Ross in the form deposition transcripts. Allowing witnesses to proffer their own prior testimony as exhibits, in lieu of live testimony, frustrates the purpose of a jury trial.

Accordingly, the Court should preclude the deposition transcripts of Yale D. Weinstein, Ashley Hoffman, Angeline Montgomery, Angelique Ross and Walter Cole from being offered as exhibits at trial.

4. **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING FED. R. CIV. P. 26(A)(1) DISCLOSURES AND RESPONSES TO WRITTEN DISCOVERY AS EXHIBITS AT TRIAL**

It is anticipated that Defendants will offer Rule 26(a)(1) Disclosures and Defendants' responses to Plaintiff's written discovery as exhibits at trial. Ex. A, at ¶¶ 6-11 and 34-35. Such exhibits are self-serving, untrustworthy hearsay and should be precluded.

Defendants' responses to written discovery are hearsay. Here Defendants seek to avoid liability for their debt collection activities – including initiating a lawsuit – against a consumer

who was the victim of identity theft and fraud.  There is no guarantee of trustworthiness in their responses, where no doubt, Defendants have significant motivation to cast the facts of this case in a way most favorable to them.  Further, Defendants seek to admit their responses to discovery without the opportunity for cross-examination.  The Third Circuit has acknowledged the forgoing concerns and found reversible error when a trial court allowed a defendant to admit the interrogatories of a settled co-defendant into evidence at trial.  *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 167-68 (3d Cir. 1995).

Fed. R. Civ. P. 26(a) initial disclosures are wholly irrelevant to the matter at hand.  Fed. R. Civ. P. 26(a) requires a party to disclose what evidence may be offered at trial, it does not require a party to create evidence that may be offered at trial.  Fed. R. Civ. P. 26(a) Disclosures prepared by counsel for Plaintiff and Defendants are irrelevant – they do not have any tendency to make any fact more or less probable in this matter.  Fed. R. Evid. 401.

Accordingly, Plaintiff requests that the Court preclude Defendants from offering **Midland Credit Management, Inc.'s Answers and Objections to Plaintiff's First Set of Interrogatories, Midland Credit Management, Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Production of Documents, Midland Funding, LLC's Answers and Objections to Plaintiff's First Set of Interrogatories, Midland Funding, LLC's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents, Burton Neil & Associates, P.C.'s Answers and Objections to Plaintiff's First Set of Interrogatories, Burton Neil & Associates, P.C.'s Responses and Objections to Plaintiff's First Set of Requests for Production of Documents, Defendants' Rule 26(a)(1) Disclosures and Plaintiff's Supplemental Initial Disclosures as exhibits at trial.**

5. **DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY OR INTRODUCING DOCUMENTS REGARDING THE PLEADINGS AND MOTION PRACTICE IN THIS MATTER**

It is anticipated that Defendants will offer the pleadings and motion practice in this matter as exhibits at trial. Ex. A, at ¶¶ 17-22 and 29-30. Such evidence should be precluded.

[P]leadings and briefs are not admissible evidence." *White v. Taylor*, 2014 WL 2196509 (D.N.J. May 27, 2014) (*citing* Fed. R. Civ. P. 56(c)(1)-(4)*; Lamont v. N.J.*, 637 F.3d 177, 182 (3d Cir. 2011)). Further, the probative value of the parties' dispositive and expert motion practice is far outweighed by the potential to mislead and confuse the jury.

As with Defendants' responses to written discovery, Defendants' answers to the Complaint lack trustworthiness, are purely self-serving and are not subject to cross examination. Such evidence is inadmissible hearsay.

It is also anticipated that Defendants will seek to elicit testimony about, and introduce as an exhibit, the Plaintiff's Complaint. Ex. A, ¶ 14, and Ex. B, at 27:4-29:4. No reference to the Complaint should be permitted. Plaintiff's deposition testimony to this effect likewise should be precluded from use at trial. *Id*. The Complaint itself offers no clarity on the facts in this matter – a task for evidence unearthed in discovery – and would be used solely for the improper purpose of confusing the jury and prejudicing Plaintiff, not to offer any legitimate evidence. *See* Fed. R. Evid. 401-403.

Plaintiff here is the master of her case and may try whatever claims, and pursue whatever cognizable damages, she thinks gives her the best chance of winning at trial -- regardless of whether she brought additional or alternative claims that she is now not pursuing, or whether the facts pled do not comport with the Defendants' view of the evidence discovered. Fed. R. Civ. P. 8(d)(2) and (3).

Simply stated, the Complaint is plainly not evidence. *See VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 636 (3d Cir. 2007) ("an unverified complaint is not evidence"). Plaintiff has not verified the Complaint and should not be forced to answer questions regarding the legal arguments offered in her Complaint.

Therefore, all evidence relating to the pleadings and motion practice in this matter must be precluded.

### 6. DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING ANY TESTIMONY FROM OSCAR VANCE AND JONATHAN J. WILLIAMS AND SEEKING TO INTRODUCE ANY DOCUMENTS IN THEIR POSSESSION

It is anticipated that Defendants will elicit testimony from, and seek to introduce documents from, "Oscar Vance" and "Johnathan J. Williams." Ex. A at ¶¶ 59 and 60. Such evidence must be precluded.

Neither "Oscar Vance" nor "Johnathan J. Williams" were identified as potential witnesses pursuant to Fed. R. Civ. P. 26(a), nor were documents in their possession identified as potential evidence in this matter. Exhibit C, a true and correct copy of Defendants Rule 26(a) Disclosures. Defendants now seek to offer as evidence at trial "any and all documents in [the] possession" of these previously unidentified witnesses. Ex. A, at ¶¶ 59 and 60. These witnesses and any documents which they may possess are plainly improper.

Notwithstanding the above, Plaintiff also served requests for the production of documents upon Defendants Midland Credit Management, Inc. (MCM), Midland Funding, LLC (Midland Funding) and Burton Neil & Associates, P.C. (BNA) which demanded that Defendants produce:

- "[a]ll exhibits which Defendants proposed to introduce at trial." (Request for Production No. 24 to MCM; No. 24 to Midland Funding; and No. 23 to BNA);

*See* Exhibit D, a true and correct copy of MCM's Responses to Plaintiff's Requests for Production; Exhibit E, a true and correct copy of Midland Funding's Responses to Plaintiff's Requests for Production; and Exhibit F, a true and correct copy of Burton Neil's Responses to Plaintiff's Requests for Production.  Defendants, however, again failed to identify either of the individuals identified above in response to these requests or identify any documents in their possession.  *Id.*  Defendants never amended their responses to include the documents in the possession of the individuals identified above.

Defendants cannot surreptitiously seek out witnesses for trial and then call such witnesses without previously naming the specific individual or providing Plaintiff an opportunity to depose or investigate the witness.  Locating witnesses and identifying them for trial should have been conducted during discovery, which Defendants failed to do.  Moreover, these individuals and their documents were not even included in Defendants' initial disclosures or responses to written discovery.  At this juncture, neither Plaintiff nor this Court, can ascertain whether these just-identified people and their yet-to-be-identified documents can provide any information relevant to this case.

Defendants, therefore, should be precluded from eliciting testimony from "Oscar Vance" and "Johnathan J. William," or offering as exhibits any documents in their possession.

### 7. DEFENDANTS SHOULD BE PRECLUDED FROM ELICITING TESTIMONY REGARDING PLAINTIFF'S LIBYAN HERITAGE

It is anticipated that Defendants will elicit testimony regarding Plaintiff's nation of origin. *See* Ex. B at 12:14-19 and 13:15-18.  Defendants should be precluded from eliciting testimony concerning Plaintiff's Libyan heritage because it is not relevant or germane to any element of any cause of action here.  Plaintiff is a United States citizen and any reference to her Libyan heritage would only seek to prejudice her.

9

Thus, Defendants should be precluded from seeking to elicit testimony regarding Plaintiff's Libyan heritage.

## 8. DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE EXPERT REPORT OF MARK S. PEARLSTEIN, ESQUIRE AS AN EXHIBIT AT TRIAL

Defendants impermissibly seek to present the expert report of Mark S. Pearlstein, in its entirety, as an exhibit at trial. Ex. A, at ¶ 23. This Court has already ruled to exclude portions of the opinion testimony proffered by Mr. Pearlstein. Dk. No. 45. Absent precise designation or redaction to comport with this Court's Order, the expert report Mr. Pearlstein should be precluded in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's *omnibus* motion *in limine* in its entirety.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Erin A. Novak*
JOHN SOUMILAS
ERIN A. NOVAK
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: October 20, 2014         Attorneys for Plaintiff Angeline Montgomery