IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGELINE MONTGOMERY**,<br><br>             Plaintiff,<br>  vs.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.;  MIDLAND FUNDING, LLC; and BURTON NEIL & ASSOCIATES, P.C.**,<br><br>             Defendants. | **Civil Action No.**<br><br>**2:12-CV-01244-MSG** |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *OMNIBUS* MOTION *IN LIMINE*

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.**

BY:     */s/ Andrew M. Schwartz / ams121*
                Andrew M. Schwartz
                Ronald M. Metcho
                2000 Market St., 24th Floor
                Philadelphia, PA 19103
                215-575-2765 / 215-575-0856 (f)
                amschwartz@mdwcg.com
                rmmetcho@mdwcg.com

                Attorneys for Defendants
                Midland Credit Management, Inc.,
                Midland Funding, LLC and
                Burton Neil & Associates, P.C.

# TABLE OF CONTENTS

*A.   Plaintiff's motion to preclude Defendants from referring to Montgomery v. Capital One Bank, N.A. should be denied.* ................................................................................................ 1

*B.   The Court should deny Plaintiff's motion to preclude references to Plaintiff's personal injury lawsuit and/or her receipt of Social Security disability benefits.* ..................................... 4

*C.   Plaintiff's motion to preclude introduction of deposition transcripts into evidence should be denied.* ................................................................................................................................. 5

*D.   Plaintiff's motion to preclude utilization of answers to written discovery as trial exhibits should be denied.* ................................................................................................................... 6

*E.   Plaintiff's motion to preclude introduction of the Complaint and other pleadings filed in this case should be denied.* ..................................................................................................... 9

*F.   Plaintiff's motion to preclude the testimonies of Oscar Vance and Jonathan Williams should be denied.* ................................................................................................................. 11

*G.   Plaintiff's motion to preclude any testimony concerning Plaintiff's "Libyan" heritage should be denied.* ................................................................................................................. 12

*H.   Plaintiff's motion to preclude introduction of the expert report of Mark Pearlstein should be denied.* ............................................................................................................................. 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGELINE MONTGOMERY**,<br><br>    Plaintiff,<br>  vs.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING, LLC; and BURTON NEIL & ASSOCIATES, P.C.**,<br><br>    Defendants. | **Civil Action No.**<br><br>**2:12-CV-01244-MSG** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *OMNIBUS* MOTION *IN LIMINE***

AND NOW come Defendants Midland Credit Management, Inc., Midland Funding LLC, and Burton Neil & Associates, P.C. ("Defendants"), by and through their undersigned counsel, who respectfully submit this Memorandum in Opposition to Plaintiff's *Omnibus* Motion *in Limine*.

  A. *Plaintiff's motion to preclude Defendants from referring to <u>Montgomery v. Capital One Bank, N.A.</u> should be denied.*

Plaintiff argues that Defendants should be precluded from making any references to *Montgomery v. Capital One Bank, N.A.*, 2:12-cv-01500-MSG ("*Capital One*") during trial, including eliciting any testimony about the filing, nature and disposition of the lawsuit. Relying largely upon hyperbole and unsubstantiated rhetoric, Plaintiff suggests that any such references would be irrelevant; would unfairly confuse the jury as to who Plaintiff is suing and why; and would constitute an inappropriate effort to "shift the blame" to a non-party. What Plaintiff truly requests is that the Court limit the scope of

Defendants' available defenses, so that she can orchestrate trial of this case in the manner most beneficial to her.  For a host of reasons, Plaintiff's motion to preclude any reference to *Capital One* should be denied.

Plaintiff's characterization of the issues in *Capital One* as "discrete" from those in this case is demonstrably false.  The two cases are inextricably intertwined, involving identical allegations of fact and common theories of liability – so much so that Plaintiff sees fit to utilize documents produced in *Capital One* during trial of this matter.  *Both* lawsuits allege that Plaintiff was "harassed and coerced by debt collectors" in connection with the collection of the Capital One Bank debt.  *See Montgomery v. Capital One Bank, N.A.*, 2:12-cv-01500-MSG, ECF 1, p. 18 of 31, ¶20.  *Both* lawsuits allege that Plaintiff was wrongfully sued in connection with the Capital One Bank debt.  *Id.* at ¶21.  In *Capital One*, Plaintiff alleged that Capital One Bank ultimately caused the lawsuit filed against her by Midland Funding, and claimed that this caused her severe emotional distress and other damages – just as she claims in this lawsuit.  *Id.*, Prayer for Relief.

Relevant evidence is that which tends to make a salient fact more or less probable than it would be without the evidence. Fed. R. Evid. 401(a)-(b).  In this case, Plaintiff blames Defendants for filing the collection lawsuit and causing her harm – but in her prior lawsuit, Plaintiff alleged that *Capital One Bank's* actions resulted in the collection lawsuit and her resulting damages.  The filing, pendency and resolution of *Capital One*, and the nature of the claims and defenses raised therein, are directly relevant to Plaintiff's damages (if any)

2

and their cause. The probative value of this information is significant, and there is no prejudice for the fact-finder to consider a concurrent lawsuit, with overlapping claims and identical alleged injuries, in weighing Plaintiff's claims[1]. Indeed, Plaintiff's eagerness to hide this lawsuit from the jury speaks volumes as to her lack of faith in a panel of her peers to fairly hear and evaluate her claims.

The fact that Plaintiff filed, and later settled, *Capital One* is also appropriate impeachment evidence. While Fed. R. Evid. 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with such character," the rule does allow for the admission of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In accordance with this Rule, courts within the Third Circuit, including this Court, have precluded evidence of prior lawsuits for the purpose of characterizing a party as litigious, but have admitted such evidence for impeachment purposes. *See Otto v. Commerce St. Capital*, 2013 U.S. Dist. LEXIS 75572 at \*5-\*6 (E.D. Pa. 2013); *Barbee v. SEPTA*, 323 Fed. Appx. 159 at \*6-\*7 (3d. Cir. 2009) (affirming district court's admission of prior lawsuits into

---

[1] Plaintiff erroneously anticipates that Defendants seek a set-off equal to the amount paid to Plaintiff by Capital One Bank. To the contrary, as their Answer makes clear, Defendants merely contend that Plaintiff's alleged damages (to the extent such damages exist) were the result of the acts and/or omissions of others – such as Capital One Bank.

3

evidence for impeachment purposes after plaintiff was evasive about prior actions).

Here, evidence of *Capital One* is admissible as impeachment evidence to challenge Plaintiff's credibility. Evidence of *Capital One* is relevant, under Fed. R. Evid. 402, to show that Plaintiff brought nearly identical claims, based upon nearly identical facts, and sought identical damages. Evidence of Plaintiff's settlement of those claims is similarly relevant to her current request that the jury award her damages at Defendants' expense. The probative value of *Capital One* is not substantially outweighed by the danger of unfair prejudice or confusion to the jury – any potential prejudice can be prevented simply by requesting that the Court provide a limiting instruction to the jury. *United States v. DeMuro*, 677 F.3d 550, 563-64 (3d. Cir. 2012) (concluding that district court gave appropriate limiting instruction when it instructed the jury on the limited purposes of evidence). On this basis, Plaintiff's request that the Court preclude Defendants from making any reference to *Capital One* should be denied.

> B. The Court should deny Plaintiff's motion to preclude references to Plaintiff's personal injury lawsuit and/or her receipt of Social Security disability benefits.

Plaintiff asks the Court to preclude Defendants from referencing her prior personal injury lawsuit and her ensuing receipt of Social Security disability benefits. Again, while such information is not admissible to characterize Plaintiff as litigious, it is nevertheless admissible for impeachment purposes, should trial testimony make such impeachment appropriate. *See* Fed. R. Evid.

4

404(b); *Otto v. Commerce St. Capital, supra*.  Rather than issue a wholesale preclusion as Plaintiff requests, the Court should instead hold that such evidence is admissible for purposes consistent with Fed. R. Evid. 404(b), should trial testimony so warrant.

      C.     *Plaintiff's motion to preclude introduction of deposition transcripts into evidence should be denied.*

Plaintiff asks the Court to preclude Defendants from offering the deposition transcripts of Yale D. Weinstein, Ashley Hoffman, Angeline Montgomery, Angelique Ross and Walter Cole as exhibits at trial.  She contends such transcripts constitute hearsay, and that "proffering entire deposition transcripts as exhibits does not meet the Court's specific guidelines" as set forth in its August 4, 2014 Order.  She also suggests that allowing Defendants to "proffer their own prior testimony as exhibits, in lieu of live testimony, frustrates the purpose of a jury trial."  *See* ECF 63-1, p. 5 of 10.

Primarily, at no point did Defendants offer their deposition transcripts "in lieu of live testimony" as Plaintiff contends.  Defendants and their representatives will *all* testify live at trial, and thus Plaintiff's warning that admission of their deposition transcripts into evidence will "frustrate the purpose" of trial is entirely unfounded.

Plaintiff's characterization of deposition testimony as "hearsay, without exclusion or exception," is inaccurate.  Fed. R. Evid. 801(d)(1) specifically exempts a declarant-witness's prior statement from the definition of hearsay, provided the declarant-witness was subject to cross-examination.  Defendants and their representatives were *all* subject to such examination during their

5

depositions, as a cursory review of the transcripts demonstrates. Their deposition transcripts meet all the required elements of Rule 801(d)(1), and as such, preclusion of deposition transcripts on hearsay grounds is unwarranted.

Plaintiff's contention that introduction of deposition transcripts as evidence "does not meet the Court's specific guidelines" is similarly inaccurate. The Court's August 4, 2014 Order required the parties to provide a "designation of videotaped trial testimony and deposition testimony to be offered at trial." *See* ECF 55, ¶3(c). As is appropriate when the specific portions of deposition testimony to be used during trial may not become apparent until during trial, Defendants designated the entirety of the deposition transcripts as exhibits to be offered at trial. Nothing in the Court's Order precludes this practice, and Defendants should not be forced to guess which portions of these transcripts they may need during trial.

Deposition transcripts are admissible to impeach Plaintiff's testimony and that of her witnesses, and to rehabilitate Defendants' own witnesses' credibility. Plaintiff's request that the Court preclude Defendants from utilizing the parties' and witnesses' deposition transcripts should be denied.

> D. *Plaintiff's motion to preclude utilization of answers to written discovery as trial exhibits should be denied.*

Plaintiff moves the Court to preclude Defendants from introducing their responses to Plaintiff's written discovery responses as trial exhibits on the basis that they are "self-serving, untrustworthy hearsay."

As a threshold matter, Plaintiff's characterization of discovery responses as "self-serving" and "untrustworthy" is patently offensive not just to

Defendants, but to every litigant who participates in the discovery process. Defendants' discovery responses were made under oath, in accordance with the Federal Rules of Civil Procedure. During the pendency of this litigation, Plaintiff filed no discovery motions alleging that Defendants were anything other than forthcoming and candid in their written discovery responses, though the Rules certainly provided Plaintiff with a means of doing so. And yet now, in an effort to disingenuously posture the landscape of this litigation in her favor, Plaintiff seeks to preclude Defendants' written discovery responses as "self-serving" and "untrustworthy." Having made no showing whatsoever that Defendants' discovery responses are unreliable – let alone "untrustworthy" – Plaintiff's unfounded accusations cannot constitute an appropriate basis for preclusion of Defendants' discovery responses.

Though Defendants' written discovery responses may technically constitute hearsay, they are nevertheless admissible because they fall within the residual hearsay exception codified at Fed. R. Evid. 807(a). Defendants' written discovery responses have equivalent circumstantial guarantees of trustworthiness. Their discovery responses were made under oath and in accordance with the Federal Rules of Civil Procedure, and Plaintiff points to no discrepancy between Defendants' written responses and their deposition testimonies to support her unsubstantiated accusation that they are "untrustworthy." The responses are evidence of numerous material facts, from the absence of merit to Plaintiff's claims to the dubious nature of her claimed entitlement to damages. In fact, they are perhaps the most probative evidence

Defendants can offer to demonstrate the consistency of their positions throughout this litigation, as their written responses speak for themselves[2]. Finally, admission of Defendants' written discovery responses will unquestionably serve the purpose of these Rules and the interests of justice, in that they are directly relevant to Defendants' credibility and the consistency with which they have defended themselves throughout the duration of this litigation. Thus, even if their discovery responses *are* hearsay, they are nonetheless admissible under Rule 807(a), and Plaintiff offers no basis to preclude this relevant evidence from trial.

As a final point, Plaintiff's reliance upon *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147 (3d. Cir. 1995) is misplaced. In *Kirk*, the Third Circuit found fault with the district court's admission of a settled party's interrogatory response not because it was a discovery response, as Plaintiff argues here, but because the district court failed to conduct an inquiry into the reliability of the proffered hearsay in accordance with the factors set forth in Fed. R. Evid. 803(24)[3]. The Court found, after conducting its own evaluation of the evidence offered in the context of Rule 803(24), that the interrogatory response lacked the inherent reliability present in this case. Since Defendants' discovery responses meet the requirements of Rule 807(a), *Kirk* cannot serve as a basis to preclude these

---

[2] Plaintiff claims her inability to cross-examine Defendants weakens their probative value, but Defendants note that Plaintiff deposed *all* Defendants (or, in the case of Midland Credit Management, Inc., and Midland Funding, LLC, their corporate representative), and that these individuals will also be present to testify at trial. Plaintiff not only cross-examined these witnesses once, but will have the opportunity to do so again.

[3] Fed. R. Evid. 803(24) is now Fed. R. Evid. 807(a).

documents from the evidentiary record, and Plaintiff's motion should be denied.

> E.    *Plaintiff's motion to preclude introduction of the Complaint and other pleadings filed in this case should be denied.*

Plaintiff seeks to preclude Defendants from introducing Plaintiff's Complaint and the other pleadings filed of record into evidence during trial. She does so on the basis that "pleadings and briefs are not evidence," and that their introduction would unfairly mislead and confuse the jury. She argues that Defendants' Answers to her Complaint "are purely self-serving and not subject to cross-examination," and that any testimony about Plaintiff's Complaint "would be used solely for the improper purpose of confusing the jury and prejudicing Plaintiff." ECF 63-1, p. 7 of 10.

Plaintiff's reliance upon White v. Taylor, 2014 U.S. Dist. LEXIS 71770 (D.N.J. May 27, 2014) and Lamont v. N.J., 637 F.3d 177 (3d. Cir. 2011) as supportive of her claim that "pleadings and briefs are not evidence" is unfounded. Lamont says nothing of the admissibility of pleadings or briefs into evidence, and White merely confirms that a non-moving party cannot defeat a Rule 56 Motion for Summary Judgment by relying upon the pleadings alone. The evidentiary value of pleadings and briefs for summary judgment purposes is entirely different from their value at trial, and the fact that pleadings and briefs cannot defeat a summary judgment motion does not render them inadmissible in a subsequent trial. Pleadings and briefs are appropriately introduced for impeachment and rehabilitation purposes; to address Plaintiff's credibility; and to test the sufficient of her legal claims and alleged damages.

9

There is no "blanket" prohibition against their introduction as Plaintiff now suggests.

Plaintiff's argument that the pleadings and briefs will "mislead and confuse the jury" is similarly unpersuasive. She offers no explanation of how the jury will be confused or misled by the introduction or use of these publicly available documents during trial; rather, she states, in conclusory fashion, that such confusion will result should these documents be admitted into evidence. She does not dispute that these documents are relevant to the factual issues in this case, but merely argues they should be precluded. Absent some demonstration of real danger of prejudice to Plaintiff, confusion to the jury, or some other recognized basis for preclusion, such relevant evidence is admissible. See Fed. R. Evid. 402, 403.

Preclusion of Plaintiff's Complaint is particularly unwarranted. As noted above, Plaintiff's Complaint is relevant and admissible, in accordance with Fed. R. Evid. 402, to show that Plaintiff brought virtually identical claims and sought nearly identical damages in another lawsuit. The probative value of Plaintiff's legal pleadings is not substantially outweighed by the danger of unfair prejudice or confusion to the jury – again, any potential prejudice can be prevented simply by requesting that the Court provide a limiting instruction to the jury. *United States v. DeMuro*, 677 F.3d 550, 563-64 (3d. Cir. 2012). Though Plaintiff sees herself as "the master of her case," this does not give Plaintiff the unchecked authority to dictate which of her legal submissions, factual contentions, and claimed damages she may hide from the jury.

Finally, Plaintiff's characterization of Defendants' pleadings, and in particular their Answers to Plaintiff's Complaint, as "untrustworthy" is entirely unfounded. When *all* parties file pleadings in this Court, they represent to the Court, to opposing parties and counsel, and to the public at large that their factual contentions had evidentiary support, and that their legal theories are warranted. *See* Fed. R. Civ. P. 11(b)(2) and (3). Plaintiff never challenged the "trustworthiness" of Defendants' pleadings prior to filing their *Omnibus* Motion *in Limine*, but she now does so without a modicum of factual support and for *entirely* self-serving purposes. Having articulated no *legal* basis for preclusion of these documents, Plaintiff has sadly resorted to unfounded attacks on Defendants' credibility in her quest for preclusion. If Plaintiff believes there are inherent untrustworthy representations in Defendants' pleadings, she is free to cross-examine Defendants on these issues during trial, but her desire to limit the evidence in a manner most favorable to her version of the facts is not an appropriate basis to preclude the introduction of relevant and admissible evidence.

    F.    *Plaintiff's motion to preclude the testimonies of Oscar Vance and Jonathan Williams should be denied.*

Plaintiff moves the Court to preclude Defendants from offering testimony from Oscar Vance and/or Jonathan Williams on the basis that Defendants failed to identify these individuals in their Fed. R. Civ. P. 26 disclosures, and failed to identify them in their discovery responses. Both Mr. Vance and Mr. Williams are impeachment witnesses whose disclosure is specifically exempt by

Fed. R. Civ. P. 26(a)(1)(A)(i).  The *first time* Defendants were obligated to identify their impeachment witnesses was in their Pre-Trial Memorandum – which Defendants did.  *See* ECF 62.  Plaintiff protests that she was not afforded the opportunity to "investigate" these individuals, but Defendants had no obligation to educate Plaintiff about their rebuttal witnesses.  Defendants' disclosure of these individuals was made in accordance with the Court's Order and with the Rules of Civil Procedure.  Her displeasure at the notion of these individuals testifying at trial is not an appropriate basis to preclude their testimony.

> G. *Plaintiff's motion to preclude any testimony concerning Plaintiff's "Libyan" heritage should be denied.*

Plaintiff asks the Court to preclude Defendants from referring to Plaintiff's "Libyan" heritage.  Given that Plaintiff testified she is of *Liberian* heritage, Defendants have no intention of referring to her Libyan heritage.  That aside, Defendants see no need to make *any* reference to Plaintiff's country of birth, and are disappointed that Plaintiff would "anticipate" such actions. [4]

> H. *Plaintiff's motion to preclude introduction of the expert report of Mark Pearlstein should be denied.*

Plaintiff seeks wholesale preclusion of Defendants' expert report on the basis that Defendants neglected to redact it in accordance with the Court's April 8, 2014 Order.  *See* ECF 45.  The Court's Order precludes Mr. Pearlstein from *testifying* about favorable termination of the underlying collection action; it says nothing of Defendants' obligation to remove this portion of Mr. Pearlstein's opinion from his report.  Redaction of this portion of Mr.

---

[4] Plaintiff has recently filed a motion to correct her error regarding nationality, but Defendants' position remains constant.

12

Pearlstein's report from evidence operates to deprive Defendants of the ability to later appeal the propriety of precluding Mr. Pearlstein from offering such testimony. Moreover, while the jury will *hear* Mr. Pearlstein's testimony, the jury will not *see* Mr. Pearlstein's report, and as such there is literally no prejudice to Plaintiff by leaving Mr. Pearlstein's report intact, nor can there be any risk of confusion of the issues. Mr. Pearlstein will testify in accordance with the Court's Order, but his written report should remain intact.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's *Omnibus* Motion *in Limine*.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.**

BY: */s/ Andrew M. Schwartz / ams121*
Andrew M. Schwartz
Ronald M. Metcho
2000 Market St., 24th Floor
Philadelphia, PA 19103
215-575-2765 / 215-575-0856 (f)
amschwartz@mdwcg.com
rmmetcho@mdwcg.com

Attorneys for Defendants
Midland Credit Management, Inc.,
Midland Funding, LLC and
Burton Neil & Associates, P.C.

Dated: November 17, 2014

13